**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT LOUIS WYATT, | NO. CV 13-4802-GHK(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| MR. DR. JEFFREY BEARD, etc., et al., | |
| Respondents. | |

On June 26, 2013, Petitioner filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("the Petition") in the United States District Court for the Eastern District of California. By Order filed July 1, 2013, the Eastern District ordered the Petition transferred to the Central District of California. The Central District received a transfer of the Petition on July 3, 2013.

The Petition challenges Petitioner's 1982 Santa Monica Superior Court criminal proceeding. Petitioner previously challenged this same criminal proceeding in a prior habeas corpus petition filed in this

Court in 1990. See Wyatt v. Estelle, CV 90-2492-WPG(T) ("the prior habeas action"). On October 17, 1990, this Court entered Judgment in the prior habeas action, denying the prior petition on the merits.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA")). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Section 2244(b) applies even where, as here, Petitioner's initial habeas petition preceded the effective date of the AEDPA. See Cooper v. Brown, 510 F.3d 870, 917 (9th Cir. 2007), cert. denied, 558 U.S. 1049 (2009); United States v. Villa-Gonzalez, 208 F.3d 1160, 1163-64 (9th Cir. 2000). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals. Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; see also Dews v. Curry, 2008 WL

590476, at *3 (E.D. Cal. Feb. 29, 2008) (without Court of Appeals' authorization, "this court lacks jurisdiction to consider the petition").[1]

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 7/9/2013.

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

PRESENTED this 8th day of July, 2013, by:

           /S/
_____
       CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court twice rebuffed previous attempts by Petitioner to bring a "second or successive" petition challenging his 1982 Santa Monica Superior Court proceeding. See Wyatt v. Carey, CV 04-9106-GHK(E); Wyatt v. Newland, CV 98-9667-GHK(E).

3